**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

PAULA W.,

                              **Plaintiff,**

   vs.                                                8:18-CV-659
                                                               (MAD/ATB)

**ANDREW SAUL,** *Commissioner of*
*Social Security,*[1]

                               **Defendant.**

---

**APPEARANCES:**                               **OF COUNSEL:**

**LEGAL AID SOCIETY OF NNY,**        **VICTORIA M. ESPOSITO, ESQ.**
**INC. - PLATTSBURGH OFFICE**
100 Court Street
Plattsburgh, New York 12901
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **PETER V. JEWETT, ESQ.**
**OFFICE OF REGIONAL GENERAL**
**COUNSEL**
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

On February 26, 2010, Plaintiff Paula W. ("Plaintiff") protectively filed an application for

Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI")

claiming an alleged disability onset date of October 25, 2008. *See* Administrative

Transcript ("Tr.") at 173-87. Plaintiff's application was denied on September 3, 2010. *See id*. at

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

123-26. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 28, 2011, before ALJ Bruce S. Fein. *See id*. at 53-114, 129. In a decision dated November 14, 2011, the ALJ found that Plaintiff was not entitled to disability benefits. *See id*. at 28-45. Plaintiff timely requested review of the Appeals Council, which was denied on January 7, 2013. *See id*. at 1-4. On March 13, 2013, Plaintiff commenced an action challenging that decision in the Northern District of New York. *See Wilson v. Colvin*, No. 7:13-CV-295.

While her action was pending, Plaintiff filed a new application for DIB and SSI benefits. *See* Tr. at 1160. On June 7, 2013, Plaintiff's second claim was denied, and at Plaintiff's request, a hearing was held before ALJ Jennifer Gale Smith. *See id*. On September 29, 2014, Judge Sharpe issued a Memorandum-Decision and Order vacating the decision in Plaintiff's first action, finding that the Appeals Council had failed to consider new and material evidence. *See id*. at 1256-68. In a decision dated December 5, 2014, ALJ Smith found that Plaintiff was not entitled to disability benefits. *See id*. at 1160. Subsequently, both cases were remanded to the Appeals Council, at which time both decisions were vacated, consolidated into a single action, and remanded for additional proceedings. *See id*. at 1250-55. Upon remand, ALJ Fien conducted a new hearing on February 3, 2017. *See id*. at 1191-1217. In a decision dated March 16, 2017, the ALJ found that Plaintiff was not entitled to disability benefits. *See id*. at 1160-80. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on April 10, 2018. *See id*. at 1150-53.

Plaintiff commenced this action on June 5, 2018, challenging the Commissioner's determination. *See* Dkt. No. 1. In an August 28, 2019 Report-Recommendation and Order, Magistrate Judge Andrew T. Baxter recommended that the Court grant Plaintiff's motion for judgment on the pleadings, and remand this action for further proceedings. *See* Dkt. No. 16 at 29-

30. Magistrate Judge Baxter concluded that the ALJ erred in weighing the medical opinions and making his residual functional capacity ("RFC") determination with respect to Plaintiff's mental health limitations, and that his conclusion was not supported by substantial evidence. *See* Dkt. No. 16 at 9-10. Specifically, Magistrate Judge Baxter noted that while the ALJ's weighing of the medical opinions as to Plaintiff's physical condition was sufficient, the ALJ's findings regarding the weight of the opinions of Dr. Bruni and Dr. Asar were not supported by substantial evidence. *See id*. at 15, 20. Magistrate Judge Baxter further noted that the ALJ summarily credited Dr. Bruni's opinion over the opinion of other examining sources, particularly Dr. Asar, without providing an adequate explanation. *See id*. at 21-23. The ALJ assigned an unclear weight to the opinion of Dr. Asar and did not sufficiently describe why certain portions of Dr. Asar's opinion, which could justify a finding of disability, were ignored while others were adopted. *See id*. at 24-25. Magistrate Judge Baxter found that the ALJ's decision lacked "the clarity necessary to determine whether the ALJ's findings are supported by substantial evidence." *See id*. at 25 (quoting *Lawrence W. v. Comm'r of Soc. Sec.*, No. 5:17-CV-877, 2018 WL 4509490, *8 (N.D.N.Y. Sept. 18, 2018)) (other citations omitted). Finally, Magistrate Judge Baxter concluded that, based on the record evidence, and in light of the ambiguity of the ALJ's decision, the court was unable to determine whether any error by the ALJ was harmless. In light of these findings, Magistrate Judge Baxter recommended that the Court grant Plaintiff's motion and remand this matter for further proceedings. *See* Dkt. No. 16 at 29. Neither party has objected to Magistrate Judge Baxter's August 28, 2019 Report-Recommendation and Order.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v.*

3

*Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Baxter's Report-Recommendation and Order, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that the Court should reverse the Commissioner's decision and remand the case for further proceedings. As Magistrate Judge Baxter correctly found, the ALJ's findings

regarding the weight given to the opinions of Dr. Bruni and Dr. Asar was not supported by substantial evidence nor sufficiently explained. *See* Dkt. No. 16 at 20. In assigning weight to the opinion of Dr. Bruni, a non-examining expert, the ALJ summarily stated that the opinion was supported by the record, but failed to identify any evidence supporting the opinion. *See id*. at 22; *see also Ellet v. Comm'r of Soc. Sec.*, No. 1:06-CV-1079, 2011 WL 1204921, *9 (N.D.N.Y. Mar. 29, 2011) (finding that opinions of non-examining physicians may be treated as substantial evidence only when supported by substantial evidence in the record). As Magistrate Judge Baxter noted, this error was further compounded by the ALJ's evaluation of the opinion of Plaintiff's treating psychiatrist, Dr. Asar. *See id*. at 23. The ALJ failed to indicate the level of weight assigned to Dr. Asar's opinion and failed to reconcile significant findings detailed in Dr. Asar's report with his ultimate determination as to Plaintiff's disability. *See id*. at 23-24. The ALJ's failure to explain the weight assigned to Dr. Asar's opinion and the reconciliation of conflicting opinions prevents the Court from being able to determine whether the ALJ's findings are supported by substantial evidence. *See Lawrence W.*, 2018 WL 4509490, at *8 (citation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's August 28, 2019 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED**, and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order and Magistrate Judge Baxter's Report-Recommendation and Order; and the Court further

**ORDERS** that the Commissioner is directed to **expedite proceedings on remand within 120 days**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 20, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge